Luisa Valedón et al., demandantes y apelados, *v.* El Municipio de Ponce, demandado y apelante.

No. 5711.—*Sometido:* Mayo 26, 1932. *Resuelto:* Abril 20, 1934.

*F. Colón Díaz,* abogado del apelante; *F. B. Fornaris,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El municipio de Ponce interpuso esta apelación contra la sentencia que lo condena a pagar a los demandantes cierta cantidad de dinero como indemnización por perjuicios.

La demanda fué interpuesta por Luisa Valedón por sí y por sus hijos en su patria potestad contra el municipio de Ponce en reclamación de perjuicios por ciertos actos realizados por sus empleados estando en el cumplimiento de sus deberes como tales. La sentencia dictada en el pleito fué condenatoria.

Los dos motivos alegados para esta apelación se refieren a la apreciación de las pruebas, pues en el primero se dice que la corte inferior erró al declarar probado que los demandantes compraron la parcela de terreno de dos metros cuadrados que estaban utilizando como sepultura del que fué esposo y padre de los demandantes, Ramón Vázquez Fuentes: y que la sentencia es contraria a la prueba y a la ley. El apelante sólo trata lo relativo a la prueba. Así lo haremos nosotros y resolveremos conjuntamente los dos motivos que han sido alegados.

Ramón Vázquez Fuentes, que fué esposo y padre, respectivamente, de los demandantes murió en el año 1921 y fué enterrado en el cementerio municipal de Ponce. Antes de que transcurrieran cinco años de esa defunción y enterramiento la viuda compró por precio de ocho dólares dos metros cuadrados de terreno en dicho cementerio y le fueron entregados previa mensura y deslinde de los mismos. Esos dos metros se hallan en una parcela llamada "B," según el título de compra y el certificado de mensura, de las tres parcelas en que, según un plano, está dividido el cementerio. Posteriormente fué enterrada una persona extraña a los de-

mandantes por los empleados del municipio en el sitio donde estaba enterrado Vázquez, según demuestra la prueba.

El apelante trata de demostrar que Vázquez estaba enterrado en la parcela "A" y no en la "B" de la cual vendió a su viuda los dos metros cuadrados, pero si hubiera sido así le habría cobrado más de ocho dólares por ese terreno de acuerdo con una ordenanza del municipio; aparte de que lo que ella interesaba era el sitio en que estaba enterrado su marido, que ignoraba la división del cementerio en tres parcelas y que no se le mostró plano alguno a ella, encontramos que hubo suficiente prueba de que en el sitio en que estaba enterrado Vázquez y que su viuda compró fué inhumada otra persona. Por la declaración del encargado del cementerio se llega a la conclusión de que lo ocurrido se debe a descuido o mala práctica del municipio, pues no hace saber a sus empleados en el cementerio los solares que vende, por lo que ellos, al transcurrir cinco años de un enterramiento disponen la inhumación de otro cadáver si en el terreno no hay rótulo que diga ser propiedad; dando lugar la falta de aviso a los encargados del cementerio a que si dicho rótulo no ha sido puesto por el comprador, o ha desaparecido por cualquier motivo, se entierre a un difunto en el sitio que pertenece a una determinada persona por compra. Entendemos que no ha habido error en la apreciación de la evidencia.

Casos similares al presente han sido resueltos por nosotros: *Clemadell* v. *Municipio de Juana Díaz,* 14 D.P.R. 626; *Maldonado* v. *Municipio de Ponce,* 39 D.P.R. 247.

*La sentencia apelada debe ser confirmada.*